UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANN HAUCK,

                         Plaintiff,

-vs-                                              Case No.  6:04-cv-1835-Orl-28DAB

BORG WARNER CORP., DAIMLER
CHRYSLER CORPORATION, DANA
CORPORATION, d/b/a Dana Racine
Corporation, f/k/a Spice Manufacturing
Corp., FORD MOTOR COMPANY,
GENERAL MOTORS CORPORATION,
GENUINE PARTS CO., GOODYEAR TIRE
AND RUBBER COMPANY, HONEYWELL
INTERNATIONAL, INC., f/k/a Allied-
Signal, Inc., BENDIX CORPORATION,
MACK TRUCKS, INC., MAREMONT
CORPORATION, NAVISTAR
INTERNATIONAL TRANSPORTATION
CORP., PNEUMO ABEX CORPORATION,
STEEL GRIP, INC., f/k/a Industrial
Gloves, Co., f/k/a Steel Grip Safety
Apparel Co., VELLUMOID, INC.,
                         Defendants.
_____

## ORDER

This cause is before the Court on several pending motions following remand by the

Judicial Panel on Multidistrict Litigation.

### I.  Background

This case has a somewhat complicated procedural history.  Plaintiff initially filed suit

alleging claims arising from her asbestos-related disease in the Florida state circuit court in

Dade County, Florida, in July 2004.  (See Compl., Doc. 4).  By agreement of the parties after

the filing of a motion to transfer venue, the case was transferred to the Circuit Court, Eighteenth Judicial Circuit, in and for Brevard County, Florida. (See Agreed Order on Def.'s Mot. to Transfer Venue, entered in Case No. 04-16153 CA 42 in the Eleventh Judicial Circuit Court in and for Dade County, Florida, part of Composite Ex. E to Notice of Removal, see Doc. 24).  The case was then removed to this Court on December 16, 2004.  (Notice of Removal, Doc. 2).   The jurisdiction of this Court was invoked based on diversity of citizenship.  (See id. at 2).

Upon removal on December 16, 2004, several motions to dismiss that had been filed in the circuit court in Dade County were docketed in this court as pending. (See Docs. 8, 9, 11, 13, & 14).  Although initially assigned to another judge, the case was reassigned to the undersigned district judge on January 5, 2005. (See Doc. 36).  Upon receipt of the case and review of the file, and noting that no responses had apparently been filed to the docketed motions to dismiss, the Court granted the motions to dismiss (Docs. 8, 9, 11, 13, & 14) as unopposed.  (Order, Doc. 42).

In January 2005, Plaintiff moved to remand the case to state court (Doc. 63) and moved to vacate the Order granting the five motions to dismiss (Doc. 65). This Court held a hearing on these motions on February 17, 2005.  (See Mins. of 02/27/05 Hr'g, Doc. 100). However, in March 2005, before this Court had ruled on the motion for remand (Doc. 63) or the motion to vacate (Doc. 65), the Judicial Panel on Multidistrict Litigation ("the MDL panel") entered a Conditional Transfer Order covering this case.  (See Doc. 107).  The MDL panel entered a Transfer Order in June 2005, transferring this case to the Eastern District of Pennsylvania for consolidated pretrial proceedings (Doc. 127).  This Court denied all then-

pending motions – including the motion to remand and the motion to vacate – as moot, "to be refiled, if appropriate, in the Eastern District of Pennsylvania" (Doc. 129, filed July 5, 2005).

On August 14, 2006, the MDL panel remanded all but the punitive and exemplary damages claims to this Court. (Doc. 143). On August 18, 2006, Plaintiff filed a "Notice of Remand from MDL, Notification of Outstanding Motions, Motion for Immediate Status Conference, and Conditional Motion for Expedited Trial" (Doc. 144) noting in part that on July 25, 2005 – shortly after the case had been transferred – she had renewed her motion for remand and her motion to vacate dismissal in the transferee court in the Eastern District of Pennsylvania, but the transferee court did not rule on those motions prior to the MDL panel's remand of her claims to this Court. (Doc. 144 at 2-3). This Court held a status conference on September 1, 2006, during which counsel again made argument regarding the motion for remand and the motion to vacate. (See Mins. of 09/01/2006 Status Conference, Doc. 162). The Court took these motions[1] under advisement and now issues rulings thereon.

## II. Discussion

### A. Motion to Vacate (Doc. 65)

When the case was removed from state court, several motions to dismiss that had

---

[1] As noted in Plaintiff's Notice of Remand (Doc. 144), the motions have not been refiled here; instead, Plaintiff relies on the motions (Docs. 63 & 65) already on file with this Court. As noted in the text, this Court previously denied these motions with leave to refile them (see Doc. 129); the original motions will now be reinstated and then ruled upon.

been filed in the state court in Miami were docketed in this Court as pending. These were motions filed by the following Defendants: Daimler Chrysler Corporation (Doc. 8); Bridgestone/Firestone North American Tire, LLC, Genuine Parts Company, Mack Trucks, Inc., and International Truck & Engine Company (Doc. 9); Honeywell International, Inc. (Doc. 11); Ford Motor Company (Doc. 13); and General Motors Corporation (Doc. 14). Three weeks later, when the case was reassigned to the undersigned district judge, these motions were granted as unopposed[2] because no opposition to the motions had apparently been made. (Order, Doc. 42).

Plaintiff then filed a motion to vacate (Doc. 65) the Order (Doc. 42) granting the motions to dismiss as unopposed. As outlined in the Background section above, when the case was transferred to the Eastern District of Pennsylvania the motion was denied by this Court, subject to being refiled in the Eastern District of Pennsylvania. The motion is now again before this Court for ruling.

In her motion to vacate, Plaintiff makes several arguments in support of her contention that this Court erred in granting the motions to dismiss as unopposed. First, Plaintiff asserts that an Omnibus Case Management Order in the circuit court in Dade County effectively ruled on the motions while they were pending in that Court, before venue was transferred to Brevard County. Second, Plaintiff contends that even if that Omnibus Case Management Order had not disposed of the motions, Plaintiff had noticed an "all open

----

[2]One of the motions (Doc. 9) was denied as moot as to Defendant Bridgestone/Firestone North America Tire, LLC because Plaintiff had voluntarily dismissed that defendant prior to removal. (See Order, Doc. 42; see also Notice of Voluntary Dismissal, Doc. 19).

motions hearing" in Brevard County and had thereby noted her opposition to the motions prior to the time that this matter was removed to this Court; Plaintiff points out that written oppositions are not required in state court. Third, Plaintiff notes that simultaneously with her motion to vacate she filed written responses to the motions to dismiss, and she argues that the delay in submitting a response was minimal and due to a good-faith misunderstanding by her counsel. Finally, Plaintiff contends that her motion for remand of the matter to state court based on defective removal should be resolved prior to the motions to dismiss.

The parties have treated the motion to vacate as one brought under Federal Rule of Civil Procedure 60(b). However, that rule applies only to final orders and judgments. The Order granting the motions to dismiss was not a final order. It merely granted the motions of several of the defendants in this case; no judgment was entered pursuant to that Order. Because the Order did not dispose of all parties and claims in this case, it "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b); see also Burke v. Warren County Sheriff's Dep't, 916 F. Supp. 181, 183 (N.D.N.Y. 1996) ("Plaintiffs ostensibly bring this motion under Federal Rule of Civil Procedure 60(b). The court observes, however, that this motion is not properly brought under that rule. . . . Interlocutory orders and judgments are not subject to the strictures of Rule 60(b), but remain within 'the complete power of the court rendering them to afford such relief from them as justice requires.'") (quoting Fed. R. Civ. P. 60(b) 1946 amendment advisory committee's note); Gagne v. Carl Bauer Schraubenfabrick, GmbH, 595 F. Supp. 1081, 1083-84 (D. Me. 1984) ("[T]he standards of Rule 60(b) shall not be applied to this motion because the order granting summary judgment

-5-

[which adjudicated the rights of fewer than all parties] . . . is not a final judgment within the meaning of the Federal Rules of Civil Procedure. . . . The order is merely interlocutory and not a final judgment. As such, its revision is not subject to the restrictive provisions of Rule 60(b). . . . The Court retains plenary power to afford such relief as justice requires.") (footnote omitted); Watwood v. Barber, 70 F.R.D. 1, 8 (N.D. Ga. 1976) ("A decision whether to afford relief from an interlocutory order, upon motions for reconsideration filed immediately after the issuance of that order, is 'left subject to the complete power of the court . . . to afford such relief . . . as justice requires.'") (quoting Fed. R. Civ. P. 60(b) advisory committee's note) (alteration in original); cf. Doctor v. Seaboard Coast Line R.R. Co., 540 F.2d 699, 712 (4th Cir. 1976) (concluding that dismissal of complaint against labor union defendants was not subject to appeal but instead was, under Rule 54(b), "'subject to revision at any time before the entry of judgment adjudicating all the claims'") (quoting Fed. R. Civ. P. 54(b)).

The Court finds that justice requires that the Order granting the motions to dismiss be vacated. At the time the motions were granted as unopposed, this Court was not aware of the existence of, or of the parties' disagreement regarding the effect of, Omnibus Orders entered in the state circuit court in Dade County. However, it is clear from the record that the parties were in disagreement about the effect of those Orders. (See, e.g., Def. Honeywell Int'l Inc.'s Resp. to Pl.'s Mot. to Vacate, Doc. 73 at 2 n.1 ("The effect of the Omnibus Order in State Court was disputed, and the parties had differing interpretations of the mechanics of the Order . . . .")). It is also clear from the record that prior to the removal of the case to this Court, Plaintiff had expressed her belief that an Omnibus Order had

-6-

disposed of the motions to dismiss. (See Pl.'s Conditional Notice for Trial filed in state court, Ex. B to Doc. 72, at 2 & n.1 (stating that "Plaintiff[] believe[s] that the Motions filed by the Defendants were automatically addressed prior to transfer from Dade County by operation of the Omnibus Order and that, accordingly, the case is at issue" and noting that "[i]n the abundance of caution, Plaintiff has set an 'all open Motions' hearing for January 26, 2005 to address any Motions that the Defendants assert are currently pending and that prevent the case from being at issue"). This Court was not aware at the time of granting the motions to dismiss that Plaintiff had set an "all motions" hearing in Brevard County prior to the removal of this case; the Court has now located that notice in the record. (Notice of Hr'g, filed in Case No. 2004 CA 13357 in the Eighteenth Judicial Circuit Court in and for Brevard County, Florida, part of Composite Ex. E to Notice of Removal, see Doc. 24).

Furthermore, after the entry of this Court's Order granting the motions to dismiss of several of the Defendants as unopposed, and after Plaintiff had moved to vacate that Order, two other Defendants – Pneumo Abex Corporation ("Pneumo Abex") and Borg-Warner Corporation ("Borg-Warner") – moved to be dismissed nunc pro tunc. (Docs. 93 & 96, filed February 11 and February 14, 2005, respectively). The motions by Pneumo Abex and Borg-Warner were based on these defendants' adoption in Dade County circuit court of their "master" motions to dismiss – a practice which had been provided for by a Dade County circuit court Omnibus Order. (See Def. Pneumo Abex Corp's. Notice of Adoption of Master Adoption of Mots. to Dismiss, Mots. to Strike and Other Defense Motions; Burns Int'l Servs.'[3]

---

[3]Burns International Services was apparently formerly known as Borg-Warner Corporation.

-7-

Notice of Adoption of Its Master Answer, Affirmative Defenses, Motion to Dismiss and/or Strike All Pls.' Master Married/Single/Wrongful Death Complaints, filed in August 2004 in Case No. 04-16153 CA 42 in the Eleventh Judicial Circuit Court in and for Dade County, Florida, part of Composite Ex. E to Notice of Removal, see Doc. 24). In their nunc pro tunc motions, Pneumo Abex and Borg-Warner sought dismissal "on the same grounds as the other defendants were dismissed by Order dated January 6, 2005," (Doc. 93 at 1) – that is, a lack of opposition thereto by Plaintiff – and these Defendants noted that "[t]he failure to dismiss [them] is due to apparent inadvertence rather than based upon any distinction between the defendants," (id.; see also Doc. 96 at 2 ("It appears this Honorable Court inadvertently failed to dismiss Borg Warner Corporation on January 6, 2005.")). These "adopted master motions" by Pneumo Abex and Borg-Warner were not docketed as pending motions in this Court when the case was removed. The two motions for nunc pro tunc dismissal (Docs. 93 & 96) were denied as moot along with all other then-pending motions when the case was transferred by the MDL Panel. (Order, Doc. 129).

In sum, when the motions to dismiss were granted as unopposed this Court was not aware of Omnibus Orders entered in Dade County (or any potential effect thereof), nor was it aware of Omnibus motions filed by at least two of the Defendants. The Court also was not aware that Plaintiff had previously set an "all pending motions" hearing in Brevard County. Although Plaintiff should have filed some sort of opposition to the motions in this Court once the case was removed,[4] had the Court known of the setting of the motions hearing and the

_____

[4]Local Rule 4.02(c): "When a case is removed to this Court with pending motions on which briefs or legal memoranda have not been submitted, the moving party shall file and

-8-

dispute regarding the effect of the Omnibus Order the Court likely would have given Plaintiff an opportunity to file responses to the motions rather than granting them as unopposed. Additionally, similarly-situated Defendants have been treated differently due to the confusing state of the record. Plaintiff promptly informed the Court of the prior activity in the case and moved to vacate the Order. The convoluted path that this case has taken to this Court, as well as the unusual omnibus proceedings in the Dade County court – with which this Court was previously unfamiliar – have led to rulings which should, and shall, be vacated in the interests of justice.

### B.  Motion for Remand (Doc. 63)

This case was removed on the basis of diversity of citizenship. <u>See</u> 28 U.S.C. §§ 1332, 1441. It is undisputed that the parties to this case are diverse and that the requisite amount in controversy for diversity jurisdiction has been satisfied. However, one of the Defendants – Steel Grip, Inc. ("Steel Grip") – did not consent to removal.

The Notice of Removal (Doc. 2) was filed on December 16, 2004 by Defendant Genuine Parts Company ("Genuine Parts"). In that Notice, Genuine Parts noted that all Defendants except Steel Grip consented to removal. However, Genuine Parts also asserted that Steel Grip had been "fraudulently joined in this action for the purpose of preventing the Defendants from removing this action" and that therefore Steel Grip's consent was not required for removal. (Doc. 2 at 6). Plaintiff, on the other hand, contends that Steel Grip's

---

serve a supporting brief within ten (10) days after the removal in accordance with Rule 3.01(a) of these rules, and the party or parties opposing the motion shall then comply with Rule 3.01(b) of these rules."

consent was necessary in order for removal to be proper and that this case should be remanded to state court. In her motion for remand (Doc. 63), Plaintiff raises several arguments, including the failure of the Defendants to establish – as is their burden – that Steel Grip was "fraudulently joined." This argument is dispositive and persuasive, and Plaintiff's claims shall be remanded to state court.

"The removing party must show . . . removal is proper. An action removed to Federal court may be remanded to state court pursuant to Section 1447(c) [of Title 28] on the basis of any defect in the removal procedure. When confronted with a motion to remand, the removing party has the burden of establishing the propriety of removal." Telesis Mergers & Acquisitions, Inc. v. Atlis Fed. Servs., Inc., 918 F. Supp. 823, 828 (D.N.J. 1996) (citations and footnote omitted). Moreover, removal statutes – whether jurisdictional or procedural – are strictly construed, with doubts resolved in favor of remand to the state court. See, e.g., Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002) ("The right of removal is entirely a creature of statute and a suit commenced in state court must remain there until cause is shown for its transfer under some act of Congress. These statutory procedures for removal are to be strictly construed.") (citations and internal marks omitted); Payne v. Overhead Door Corp., 172 F. Supp. 2d 475, 477 (S.D.N.Y. 2001) ("[E]ven though a defect in removal procedure is not jurisdictional, the removal statute, especially with reference to diversity jurisdiction cases, must be strictly construed.").

It is well settled that in a multiple-defendant case, in order for removal to be proper all defendants generally must consent. See, e.g., Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1044 (11th Cir. 2001). However, the consent of fraudulently joined or

-10-

nominal defendants is not required.  See, e.g., Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) ("Ordinarily, under 28 U.S.C. § 1446(a), all defendants in a state action must join in the petition for removal, except for nominal, unknown, or fraudulently joined parties."); Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1009 n.2 (3d Cir. 1987).

"The burden of establishing fraudulent joinder is a heavy one.  Where a plaintiff states even a colorable claim against the [allegedly fraudulently-joined] defendant, joinder is proper and the case should be remanded to state court.  Pacheco De Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998).  "A claim of fraudulent joinder must be supported by clear and convincing evidence."  Clingan v. Celtic Life Ins. Co., 244 F. Supp. 2d 1298, 1301 (M.D. Ala. 2003).

"Fraudulent joinder" is generally invoked in diversity cases where one of the named defendants is not diverse or is an in-state defendant[5]; the diverse or out-of-state defendant(s) in such cases then contend that the plaintiff has sued the non-diverse or in-state defendant in the state court case in order to prevent removal to federal court.  See, e.g., Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998) ("Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity.").  However, in this case, the consenting Defendants assert that Steel Grip – a diverse defendant – has been improperly joined in order for removal to be avoided.

---

[5]A case invoking the federal court's diversity jurisdiction is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).

Plaintiff contends that the doctrine of fraudulent joinder is not applicable where the parties are diverse, as in this case. Some courts have, however, applied a fraudulent joinder analysis – or the somewhat analogous "nominal party" exception to the unanimity requirement – to federal question cases or cases where diversity is not an issue. See, e.g., Farias v. Bexar County Bd. of Trs., 925 F.2d 866, 871-72 (5th Cir. 1991) ("Since equity is the major concern in the nominal party inquiry, no limitation should be placed on the type of jurisdiction used to remove the action from state to federal court. Similarly, the test for determining a nominal party . . . applies equally whether diversity or federal question jurisdiction is the mode of removal."); In re Pharm. Indus. Average Wholesale Price Litig., 431 F. Supp. 2d 109, 118 (D. Mass. 2006) (noting that "[a]s many courts have held, the rationale for the doctrine of fraudulent joinder applies with equal force in the context of removal based on federal question jurisdiction," and applying fraudulent joinder analysis to federal question case) ; cf. Hernandez v. Seminole County, 334 F.3d 1233 (11th Cir. 2003) (describing, but finding unreviewable, decision of this Court to remand federal question case to state court based on conclusion that non-consenting defendant was not a mere nominal party).

Nevertheless, an allegation of fraudulent joinder of a non-diverse or in-state defendant in a case removed on the basis of diversity, on the one hand, is different in character than an allegation of fraudulent joinder of a diverse defendant or in a federal question case on the other. In the former, the plaintiff's very act of joining the non-diverse or in-state defendant creates an impediment to removal under the plain language of the removal statutes. However, where a diverse or out-of-state defendant is allegedly

-12-

fraudulently joined (or where fraudulent joinder is alleged in a federal question case), the impediment to proper removal is not the plaintiff's joinder of that defendant but rather that defendant's lack of consent – a circumstance which is generally beyond the plaintiff's control.[6]  Thus, in such cases, an allegation of collusion between the plaintiff and the non-consenting defendant is typically made.  See, e.g., *In re* Pharm. Indus. Average Wholesale Price Litig., 431 F. Supp. 2d at 119.

In the instant case, there are vague allegations of collusion between Plaintiff and Steel Grip but no evidence thereof.  On December 27, 2005, Steel Grip filed a "Response" to the Notice of Removal.  (Doc. 30).  In that Response, Steel Grip stated that it "has legitimate and valid reasons for not consenting to the removal of [asbestos cases] to Federal Court."  (Doc. 30 at 2).  Steel Grip stated that it prefers to litigate its cases in state court and that it "seeks to resolve the large amounts of pending asbestos cases against it as quickly and efficiently as possible."  (Id. at 3).  A few weeks later,[7] Plaintiff filed her motion for remand (Doc. 63).

The consenting Defendants assert that Plaintiff's law firm has brought numerous

---

[6]See generally Simpson v. Union Pac. R.R. Co., 282 F. Supp. 2d 1151, 1156 (N.D. Cal. 2003) ("Here the only obstacle to removal – the consent of all defendants – does not lie within the control of the plaintiffs and therefore is not susceptible to manipulation through improper allegations in the complaint.  Absent collusion, plaintiffs could not have known in advance that the School District would refuse to join in removal, and so could not have affected the forum by advancing fraudulent claims against that particular defendant.")

[7]The docket reflects that Plaintiff initially electronically filed a motion for remand on January 18, 2005; that motion was terminated due to a lack of signature.  (See docket entry for Doc. 60).  The motion was then refiled on January 19, 2005 (Doc. 63) with the signature problem corrected.  The Court rejects the consenting Defendants' assertions that the motion for remand was untimely filed.

asbestos cases and that it only names Steel Grip in cases where no non-diverse or in-state defendant is named – suggesting that Plaintiff does not sue Steel Grip where the case is not removable due to lack of diversity or the presence of an in-state defendant (and therefore Steel Grip's lack of consent is unnecessary to defeat removal). However, the evidence presented on this point is far from compelling and reveals that sometimes Plaintiff's firm sues Steel Grip, and sometimes it does not. The Court has been unable to draw the removing Defendants' suggested inference from the chart provided. (See Chart, "Steel Grip vs. Florida Defendant in Asbestos Cases," Ex. A to Doc. 80). Again, there is no direct evidence of a collusive agreement between Plaintiff and Steel Grip, and no evidence to counter Steel Grip's assertions that it has its own reasons – which it is entitled to have – for not wanting the case removed from state court.

Not only have the consenting Defendants not presented clear and convincing evidence of collusion, but they also have failed to otherwise establish fraudulent joinder of Steel Grip. "Joinder has been deemed fraudulent . . . when there is no possibility that the plaintiff can prove a cause of action against the [nonconsenting] defendant." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). "When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law. 'If there is even a possibility that a state court would find that the complaint states a cause of action against [the nonconsenting defendant], the federal court must find that joinder was proper and remand the case to state court.'" Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) (quoting Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983)). "[T]he district court must evaluate the

-14-

factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff.  The federal court makes these determinations based on the plaintiff's pleadings at the time of removal; but the court may consider affidavits and deposition transcripts submitted by the parties." Id. (citations omitted).

Plaintiff's claims are based on asbestos exposure beginning in her childhood at an automotive garage operated by her father.  Steel Grip is a maker of allegedly asbestos-containing gloves used in welding. The consenting Defendants sought to remove this case to federal court after depositions of Plaintiff, her brother, and her mother had been taken and none of those deponents recalled welding occurring at the garage.

The consenting Defendants have failed to persuade this Court that Steel Grip has been fraudulently joined.  As the Eleventh Circuit has instructed:

> For a plaintiff to present an arguable claim against an [allegedly fraudulently joined] defendant and, therefore, to require a case removed to federal court to be remanded to state court, the plaintiff need not show that he could survive in the district court a motion for summary judgment filed by that . . . defendant. For a remand, the plaintiff's burden is much lighter than that:  after drawing all reasonable inferences from the record in the plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there need only be "a reasonable basis for predicting that the state law *might* impose liability on the facts involved."  Because the procedures are similar while the substantive standards are very different, district courts must exercise extraordinary care to avoid jumbling up motions for remand and motions for summary judgment that come before them.
>
> In the remand context, the district court's authority to look into the ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims.  Although we have said that district courts may look beyond the face of the

> complaint, we emphasize that the district court is to stop short
> of adjudicating the merits of cases that do not appear readily to
> be frivolous or fraudulent.

Crowe, 133 F.3d at 1541-42 (quoting B, Inc., v. Miller Brewing Co., 663 F.2d 545, 549 (5th

Cir. Unit A 1981)) (emphasis in original).  The consenting Defendants in this case essentially

seek for this Court to undertake a summary judgment inquiry.  However, as stated in Crowe,

summary judgment is not the appropriate standard here, and the "court's authority to look

into the ultimate merit of the plaintiff's claims must be limited to checking for obviously

fraudulent or frivolous claims."  Id.  Plaintiff's claims against Steel Grip are not "obviously

fraudulent or frivolous."

Here, the record does not reflect a Plaintiff frivolously asserting far-fetched claims

against a company from whom she could not conceivably recover; instead, it reflects

Defendants who, disappointed at that company's refusal to consent, sought removal after

discovery revealed potential problems with Plaintiff's proof against that company.  However,

an ultimate failure of proof is not the equivalent of a failure to state a cause of action.  See

Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998) ("The fact that the

plaintiffs may not ultimately prevail against the individual defendants because of an

insufficient causal link between the defendants' actions and the plaintiffs' injuries does not

mean that the plaintiffs have not stated a cause of action for purposes of the fraudulent

joinder analysis.").

In sum, the consenting Defendants have failed to meet their burden of establishing

by clear and convincing evidence that Steel Grip was fraudulently joined.  Therefore, the

failure of Steel Grip to consent to removal renders the removal procedurally improper.[8]

Plaintiff's claims shall be remanded to state court.

---

[8]Although the failure of the consenting Defendants to establish fraudulent joinder is dispositive of the motion to remand, one other issue raised by Plaintiff bears mentioning. Plaintiff asserts that the Notice of Removal was untimely filed because it was filed more than thirty days after service of the initial pleading, as required by 28 U.S.C. § 1446(b).  The consenting Defendants contend, however, that the Notice was timely under the second paragraph of 28 U.S.C. § 1446(b), which provides that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first be ascertained that the case is one which is or has become removable . . . ." (emphasis added).  The removing Defendants contend that "the case was not removable when it was initially filed because Defendant Steel Grip refused to consent to removal," (Notice of Removal, Doc. 2 at 6) and that the Notice was filed within thirty days of receipt of "other paper" indicating that Plaintiff would not be able to establish her claims against Steel Grip.

Plaintiff appears to be correct that the Notice was untimely.  This case, as stated by the initial pleading, was "removable" because it is a case described in 28 U.S.C. § 1441 – entitled "Actions removable generally"; it was brought in state court and of which this district court had original jurisdiction, see 28 U.S.C. § 1441(a), and because none of the defendants is a Florida citizen, 28 U.S.C. § 1441(b).  Thus, the portion of Section 1446(b) upon which the Defendants rely is not applicable.

The fact that not all of the defendants consented to removal does not affect the matter's "removability" for the purposes of complying with 28 U.S.C. § 1446's procedural requirements.  Taken to its logical extension, a finding that the consent of defendants affects "removability" would mean that a defendant's change of mind about whether to consent would restart the 30-day clock.  Failure of all defendants to consent is a waivable procedural defect rather than a "removability" problem. See generally Hampton Paint Mfg. Co. v. Union Oil Co. of Cal., Civ. A. No. 91-104-NN, 1991 WL 274441, at *4 (E.D. Va. Dec. 16, 1991) ("[A] distinction must be made between the prerequisites identifying a removable case and the procedures that must be followed in removing such a case to federal court.  The instant case was removable under 28 U.S.C. § 1441 at its inception, as it fell within the diversity jurisdiction of the federal courts and did not fall into specific, non-procedural exceptions provided for by Congress.  In order to take advantage of the opportunity to remove, certain procedural requirements had to be met:  a notice of removal had to be filed within the thirty-day period provided by the statute and all defendants had to join in that notice.") (citations omitted).  But see Parker v. County of Oxford, 224 F. Supp. 2d 292, 294 (D. Me. 2002) (concluding that case was not "removable" initially where some defendants did not consent to removal and that the case "did not become removable until the nonconsenting Defendant was dismissed from the case").

-17-

### III.  Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1.  The Order (Doc. 129) denying as moot the Motion for Remand (Doc. 63), denying as moot the Motion to Vacate (Doc. 65), and denying as moot the motions for nunc pro tunc dismissal (Doc. 93 & 96) is **VACATED** and those motions (Docs. 63, 65, 93, & 96) are **REINSTATED**.

2.  The Motion to Vacate (Doc. 65) is **GRANTED**, and the Order (Doc. 42) granting the motions to dismiss (Docs. 8, 9, 11, 13, & 14) as unopposed is hereby **VACATED** insofar as it pertains to Defendants Daimler Chrysler Corporation; Genuine Parts Company; Mack Trucks, Inc.; International Truck & Engine Company; Honeywell International, Inc.; Ford Motor Company; and General Motors Company.  The motions to dismiss (Docs. 8, 9, 11, 13, & 14) are hereby **REINSTATED**, except that the motion (Doc. 9) filed by Defendants Bridgestone/Firestone North American Tire, LLC, Genuine Parts Company, Mack Trucks, Inc., and International Truck & Engine Company remains **DENIED as moot** as to Defendant Bridgestone/Firestone North American Tire, LLC in light of the Notice of Voluntary Dismissal without Prejudice of Defendant Bridgestone/Firestone North American Tire, LLC filed by Plaintiff (Doc. 19).  (See also Order, Doc. 42 at 2-3).

3.  The Motion to Adopt (Doc. 150) is **GRANTED**.

4.  The Motion to Expedite (Doc. 144) is **DENIED as moot**.

5.  The Motion to Strike (Doc. 154) is **DENIED**.

6.  The Motion for Remand (Doc. 63) is **GRANTED**.  Plaintiff's claims, with the

exception of the punitive and exemplary damages claims which remain pending in the Easter District of Pennsylvania, are hereby **REMANDED** to the Circuit Court, Eighteenth Judicial Circuit, in and for Brevard County, Florida, Case No. 2004-CA-013357, *Ann Hauck v. Borg-Warner Corporation et al*.  The pending motion for summary judgment (Doc. 159) and all other pending motions, including the motions to dismiss (Docs. 8, 9, 11, 13, 14, 93, & 96) are **DENIED without prejudice** to resubmission in the state court.

7.   This case shall be administratively closed while the punitive and exemplary damages claims remain in the district court for the Eastern District of Pennsylvania pursuant to transfer by the Judicial Panel on Multidistrict Litigation.

**DONE** and **ORDERED** in Orlando, Florida this 12th day of October, 2006.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party